IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

HOWARD LEWIS, JR.                                                                                          PLAINTIFF

vs.                                            CASE NO. **4:04CV00543GH**

GENUINE PARTS COMPANY, INC., ET AL.                                           DEFENDANTS

## **ORDER**

Plaintiff brings this action alleging that defendants discriminated against him on the basis of race and retaliated against him with regard to certain terms and conditions of employment. Pending before the Court are cross-motions for summary judgment

Plaintiff complains of a number of employment practices which he contends were discriminatory. In his motion for summary judgment he states that defendants did not assign employees to assist him in the machine shop, defendants did not invite him to monthly store meetings, and he was denied promotional opportunities.

Defendants counter that they are entitled to summary judgment on plaintiff's equal pay claim, on the claims that plaintiff was subjected to disparate treatment with respect to training, assistance, and compensation, on plaintiff's demotion claim and promotion claims, and on plaintiff's retaliation claim.

Defendant National Automotive Parts Association (NAPA) is engaged in the business of distribution and retail sales of replacement parts for automobiles and has a Distribution Center and network of company-owned retail NAPA auto parts stores in and around the Little Rock, Arkansas area. NAPA's Little Rock Distribution Center located at 6601 Forbing Road leases space to NAPA's Main Store, a company-owned retail store. The Little Rock Distribution Center also leased space to a NAPA Machine Shop, which was part of the Main Store at the Forbing Road location until is closure in August of 2003.

Plaintiff, who is African -American, was initially hired by defendants to work in the

Little Rock Machine Shop in August, 1973. He left voluntarily on March 14, 1974, and was rehired about five months later on August 5, 1974. Plaintiff was promoted to the position of Machine Shop Manager around October 2000.[1] He continued as the Manager until the Machine Shop was closed around August 2003. Subsequent to that, plaintiff worked as a counter person and delivery driver. He remains employed by defendant.

Motions for Summary Judgment

Denial of Assistance:

Plaintiff contends that he was the sole employee of the Machine Shop from 2000 to 2003, and that he was denied assistance when he asked for it. The evidence reveals that all machine shop managers prior to plaintiff had employees under them. Defendants state that because the machine shop was not making a profit, it could not take on any extra employees.

There is certainly an issue of fact as to the reasons plaintiff was denied assistance. A number of individuals stated that the machine shop could not run profitably and efficiently with only one employee. Although there is evidence to support the decline in profits in 2003, there is a question as to when the decline in profits began and whether the machine shop under the previous white managers also showed a decline in profits. Furthermore, the evidence reveals that even though the machine shop was showing a decline in profits, defendants ultimately did provide a part-time employee to assist plaintiff, although it could be argued that it was too little, too late.

The denial of assistance adversely affected plaintiff. Plaintiff received a commission, dependent on how much the shop made.

Thus, the Court finds that summary judgment is not appropriate on the failure to provide assistance claim.

---

[1] Defendants contend plaintiff was promoted on April 1, 2001.

### Exclusion from Supervisory Meetings and Failure to Train

Plaintiff states that he was treated differently based on race in that he was not given information regarding supervisory meetings. The store held monthly retail manager store meetings. Plaintiff was not involved because he was not a retail store manager. There is no evidence that defendants' not inviting plaintiff to the meetings was discriminatory. Furthermore, as is discussed below, the failure to include plaintiff in supervisory meetings is not an adverse action.

Plaintiff also contends that he was not provided training as a result of race discrimination. There is no evidence that plaintiff was excluded from training. The evidence reveals that plaintiff took advantage of some training opportunities offered by defendants and that he declined other training opportunities. Furthermore, denial of training is not an adverse action. *See Griffith v. City of Des Moines*, 387 F.3 d 733, 737 (8th Cir. 2004).

Plaintiff also complains that he was denied a key to the building and that the air conditioning was not working. These do not rise to the level of adverse actions. Furthermore, there is no evidence that defendants discriminated against plaintiff on the basis of his race in not providing him a key or in not providing air conditioning. Other shop managers did not have a key; the air conditioning did not work at times in other parts of the building.

Thus, defendants are entitled to summary judgment on plaintiff's discrimination claims regarding training and supervisory meetings and other working conditions.

### Equal Pay Claim:

Defendants contend that they are entitled to summary judgment on plaintiff's equal pay claim. The Equal Pay Act prohibits wage discrimination in employment based upon gender. 29 U.S.C. § 206(d)(1); *Younts v. Fremont County, Iowa*, 307 F.3d 748, 752 (8th Cir. 2004) ( EPA prohibits an employer from paying employees of one sex less than

employees of the opposite sex).  Plaintiff does not allege gender discrimination but asserts that defendants discriminated against him on the basis of race with regard to compensation.

Plaintiff has not contested defendants' assertion.  The Court finds that plaintiff's Equal Pay Act claim should be dismissed.

Discriminatory Demotion Claim:

Plaintiff contends that defendants discriminated against him when he was demoted from management to a delivery truck driver.

To establish a prima facie case with regard to the allegation that he was demoted, plaintiff must establish prima facie case by showing that he or she: (1) is a member of a protected group; (2) was meeting the legitimate expectations of the employer; (3) suffered an adverse employment action; and (4) under circumstances permitting "an inference of discrimination." *Maxfield v. Cintas Corp. No. 2,* 427 F.3d 544, 550 (8th Cir. 2005)(citation omitted),

The Court, as is discussed below, finds that genuine issues of material fact exist as to whether the actions taken against plaintiff with regard to his demotion from management to an hourly wage position were discriminatory.

The Little Rock Machine Shop was closed as part of a move by defendants to close machine shops that were not profitable.  The Court cannot find that the closing of the machine shop, per se, was discriminatory.  What is in dispute is whether the demotion of plaintiff from a managerial position to an hourly wage position  was discriminatory.  The evidence reveals that plaintiff's supervisor, Lon McNalley, did not even consider plaintiff for a manager or assistant manager position in another store or area when the machine shop was closed.  McNalley made the decision to not consider plaintiff for a managerial position with almost no information about plaintiff.  He did not even know how many years plaintiff had been employed by defendants.   He opined that there was a certain set of

skills for a manager position although he never assessed plaintiff to determine whether plaintiff had those skills.

Also probative is the testimony of another African-American employee who, after being a manager, was demoted when his store closed while another manager, who is white, was given another manager position when his store closed. The record is clearly not developed as to defendants' policies when stores are closed.

Thus, the Court finds that summary judgment is not appropriate on plaintiff's demotion claim.

### Failure to Promote Claim:

Plaintiff alleges that he was denied promotions to a number of positions because of his race. The positions identified are (1) the Little Rock Machine Shop Manager position for which Gus Cranston was selected in 1986; (2) the Little Rock Machine Shop manager position for which Paul Hudkins was selected in 1987; (3) the Little Rock Machine Shop Manager position for which Noris Sain was selected in 1998; (4) the Assistant Store manager position filled in NAPA's Old Town retail store by Todd Adams in January 2000; (5) the Assistant Store Manager position filled in NAPA's main store by Carol Sweet in April, 2003; and (6) the Assistant Store Manager position filled in NAPA's Main store by Judy Markham in June, 2003.

Plaintiff filed his first EEOC Charge on August 20, 2003. He alleged as follows:

I was employed on August 5, 1974, as an Engine Machinist, and was assigned to the Shop Foreman position in October 2000. From October 2000 and continuing until August 2003, I was subjected to different terms and conditions of employment as a Shop Foreman, including but not limited to not given additional help, no air conditioning, no way to lock the doors, no relief for daily lunch breaks, had to handle all the heavy duties, etc. On July 28, 2003, I was told that the Shop would close. On August 12, 2003, I was demoted to Parts Sales Person.

The Local Counter Sales Manager (White) said they were closing the shop because they were not making any money, and that rather than put me on the street, they would find somewhere else to put me.

I believe I was subjected to different terms and conditions of employment

and demoted because of my race (Black) in violation of Title VII of the civil Rights Act of 1964, as amended.

Plaintiff did not mention promotion in his first charge.

On August 24, 2004, plaintiff filed a second EEOC charge. He alleged as follows:

I was hired in August 1974, with my most recent position as Driver. I was demoted in July 2003 from Store Manager to Driver. Since this time, jobs have not been posted as they should according to company policy and I have been denied promotions, Individuals with less experience and job knowledge have been placed in positions above me in which I have to help train them.
. . .
I believe I have been denied promotion because of my race, Black and in retaliation for filing a previous charge of discrimination . . .

Plaintiff is required to file a Charge with the EEOC within 180 days of the alleged discriminatory practice. 42 U.S.C. §2000e-5(e). *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (failure to promote is discrete act requiring timely charge of discrimination); *Tandeme v. Saint Cloud State Univ.*, 328 F. 3d 982,987 (8th Cir. 2003) (rejecting continuing violation theory to failure to promote).

Plaintiff's failure to raise the failure to promote claim in the first Charge precludes plaintiff from raising that issue. Plaintiff's complaint concerning conditions of employment are separate and distinct from her failure to promote claim. "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 223 (8th Cir. 1994)(citation omitted). *See also Shannon v. Ford Motor* Co., 72 F. 3d 678, 684 (8th Cir. 1996) (Title VII claim of failure to promote not reasonably related to EEOC charge of discriminatory treatment)

It is clear that the promotion actions of which plaintiff complains occurred outside the 180 days of plaintiff's second charge of discrimination. The most recent one, that of June 2003, occurred almost 14 months before plaintiff filed this second charge. Thus

plaintiff's Title VII failure to promote claims are time-barred and must be dismissed.[2]

### Disparate Pay Claim:

Plaintiff claims that he was paid less than similarly situated white employees. Plaintiff failed to raise this claim in his EEOC charges (see *supra)* and therefore the claim must be dismissed for failure of plaintiff to exhaust his administrative remedies with respect to this claim. *See Williams v. Little Rock Mun. Water Works*, 21 F. 3d 218, 223 (8th Cir. 1984). Even assuming that the scope of the EEOC charge can be read to include a wage discrimination claim, the Court finds that plaintiff has failed to establish that defendants discriminated against him on the basis of his race with regard to compensation.

In order to establish a prima facie case of wage discrimination under Title VII, plaintiff must show that defendants "paid different wages to employees of different races for 'equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.'" *Tademe v. Saint Cloud State Univ.,* 328 F.3d 982, 989 (8th Cir. 2003) (citations omitted).

The evidence reveals that two white machine shop managers who preceded plaintiff received substantially less in compensation than he, while plaintiff received substantially the same as two other previous machine shop managers. There is no basis to find that defendants discriminated against plaintiff with regard to compensation and that claim is dismissed.

### Retaliation Claim*:*

As discussed above, plaintiff's promotion claim under Title VII is time-barred. Plaintiff does allege in his complaint additional acts he claims are retaliatory. Plaintiff

---

[2]As is discussed below, the Court will grant plaintiff leave to amend to bring the failure to promote claims under 42 U.S.C. § 1981.

contends that defendants transferred him in November 2004 to store that was open on Sundays, a day he did not want to work. It is clear that plaintiff cannot prevail on his retaliation claim. In order to establish a prima facie case of retaliation, he must prove *inter alia* that he suffered an adverse employment action. Plaintiff admits that he did not have to work on a Sunday or that he suffered any other negative consequences as a result of the transfer.

Thus, the Court finds that the retaliation claim should be dismissed.

In sum, the Court finds that plaintiff's motion for summary judgment should be denied. Defendants' motion for summary judgment is granted in part and denied in part.

Plaintiff's Motion for Leave to Amend His Complaint

On January 4, 2006 plaintiff had filed a motion to substitute Sheila Campbell as his attorney in place of Lori Mosby. On January 6, 2006 Mosby filed a motion for leave to file a second amended complaint for plaintiff to assert his promotion claim under 42 U.S.C. § 1981. That same day the Court granted the motion to substitute counsel.

Defendants object to the motion to amend as untimely. They state they would be significantly prejudiced by granting plaintiff leave to amend.

The Court is not persuaded that defendants would be unduly prejudiced. The parties have already engaged in substantial discovery regarding the promotion claims. Furthermore, the trial date will be continued pursuant to the parties' request and the Court will set new deadlines. The parties can conduct additional discovery, if necessary, on the promotion claims and can file dispositive motions on the new claim. Additionally, justice requires that leave be granted given that plaintiff has new counsel.

Thus, the Court grants plaintiff leave to amend his complaint. A number of promotions to which plaintiff objects are barred by the statute of limitations under 42 U.S.C. § 1981. *See Jackson v. Homechoice, Inc.*, 368 F. 3d 997,999 (8th Cir. 2004) (four year statute of limitations applies to § 1981 claims). Plaintiff should limit his promotion

claims to those that are not time-barred. He should file an amended complaint which takes into account the Court's rulings with regard to his claims, and not reallege claims which are dismissed by this Order. The amended complaint should be filed within ten calendar days of this motion.

Motion to Strike Portions of Affidavits of Plaintiff and Reginald Redus

Defendants object to portions of affidavits of plaintiff and Redus which were attached as exhibits to plaintiff's response to defendants' motion for summary judgment. Defendants contend that the statements are contradicted by prior deposition testimony or are conclusory. Most of the statements objected to are not material and none of them was relied upon by the Court in its ruling. Rather, the Court relied on the extensive deposition testimony which was submitted by the parties. There is no basis to warrant striking the affidavits of plaintiff and Redus.

Thus, the motion to strike is denied.

## CONCLUSION

Accordingly, plaintiff's motion for summary judgment (document no. 41) is denied; defendants' motion for summary judgment (document no. 44) is denied in part and granted in part; plaintiff's motion for leave to file a second amended complaint (document. no. 59) is granted; defendants' motion for leave of the Court to file a reply (document no. 66) is granted; defendants' the motion to strike portions of affidavits (document no. 64) is denied; plaintiff's motion for extension of time to file pre-trial disclosures (document no. 70) is granted; and the joint motion to extend the trial date (document no. 71) is granted. The Clerk is directed to issue a new scheduling order.

IT IS SO ORDERED this 27th day of February, 2006.

_____
UNITED STATES DISTRICT JUDGE